**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
GUSTAVIA HOME LLC,

                    Plaintiff,

            -against-

CHRISTOPHER SZABO, TONI ANN SZABO A/K/A
TONI ANN DAMASCO, GE CAPITAL RETAIL
BANK, BANK OF AMERICA, N.A. S.I.I. FIA CARD
SERVICES, N.A., JOHN DOES 1-12.,

                  Defendants.
-------------------------------------------------------X

**ADOPTION ORDER**
17-cv-938 (ADS) (AYS)

**APPEARANCES:**

**The Margolin and Weinreb Law Group, LLP**
*Counsel for the Plaintiff*
165 Aileen Way, Suite 101
Syosset, NY 11791
    By: Alan H. Weinreb, Esq.,
        Thomas M. Zegarelli,, Esq., Of Counsel

**NO APPEARANCES:**

*The Defendants*

**SPATT, District Judge.**

      On February 17, 2017, the Plaintiff, Gustavia Home LLC (the "Plaintiff"), commenced this diversity mortgage foreclosure action against the defendants, Christopher Szabo, Toni Ann Szabo a/k/a Toni Ann Damasco, GE Capital Retail Bank, Bank of America, N.A. S.I.I. FIA Card Services, N.A., and John Does 1 through 12. (together, the "Defendants"), seeking to foreclose its security interest in a parcel of real property located at 113 Wilherm Lane, West Islip, New York (the "Premises"). By this action, the Plaintiff seeks a declaratory judgment establishing the parties' respective rights and obligations in and to the Premises.

      On April 17, 2017, the Clerk of the Court noted the default of the Defendants.

On May 9, 2017, the Plaintiff moved for a default judgment.

On May 10, 2017, the Court referred this matter to United States Magistrate Judge Anne Y. Shields for a recommendation as to whether the motion for a default judgment should be granted, and if so, what relief should be awarded.

On February 9, 2018, Judge Shields issued a Report & Recommendation ("R&R") recommending that (1) the Court give the Plaintiff 14 days from the date of this Adoption Order to show good cause for its failure to timely serve the John Doe defendants or to seek voluntary dismissal of the John Doe defendants; (2) that default judgment be entered against the Defendants and their interest in the Premises be terminated; (3) that judgment of foreclosure and sale be granted; (4) that the Court appoint a Referee to conduct the sale of the mortgaged premises; (5) that damages be awarded against Christopher Szabo in the amount of $65,950.000; and (6) that the Plaintiff be directed to submit a proposed judgment consistent with the Adoption Order.

More than fourteen (14) days have elapsed since service of the R&R on the Defendants, who have failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the R&R is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted.  The Plaintiff is instructed to submit three persons for selection by the Court to appoint as referee for the sale of the mortgaged premises, within thirty days.  The Plaintiff shall also submit, by the same date, curriculum vitae of the three prospective referees demonstrating their qualifications for appointment as referee in this matter.  The Plaintiff is

further directed to submit a judgment consistent with this Adoption Order. Finally, the Plaintiff must demonstrate good cause for its failure to timely serve the John Doe defendants or seek voluntary dismissal of the John Doe defendants within 14 days from the date of this Adoption Order.

**SO ORDERED.**

Dated: Central Islip, New York
February 28, 2018

                                            */s/ Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                            United States District Judge